Dianne Crandell Kerns, Trustee
Office of the Chapter 13 Trustee
Mailing Address:
7320 N. La Cholla #154-413
Tucson, AZ  85741
TELEPHONE 520.544.9094
FACSIMILE 520.544.7894
MAIL@DCKTRUSTEE.COM

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | CHAPTER 13 PROCEEDINGS |
| JOSEPH E LUPO | Case No. 4:10-bk-17627-EWH |
| LA DESKA A LUPO,<br><br>Debtors | **TRUSTEE'S PLAN OBJECTION/EVALUATION WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED**<br><br>**RE: 1st MODIFIED PLAN (DKT #35)** |

DIANNE CRANDELL KERNS, Trustee, has analyzed the above-referenced plan and supporting documents and submits the following evaluation and recommendations:

**General Requirements:**

a. Due to the possibility of errors on the claims docket, it is the Attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Stipulated Order Confirming Plan to the Trustee. The Trustee will not recommend confirmation, nor stipulate to confirmation, until the proof of claims issues are resolved to the Trustee's satisfaction.

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium. LRBP Rule 2084-10(b).

c. The Trustee objects to any reduction in the Plan duration or payout in a proposed Stipulated Order Confirming Plan unless an amended modified plan is filed (using Model Plan Form 13-2) and noticed out.

d. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any Stipulated Order Confirming Plan state: "Debtors are instructed to remit all payments on or before the stated due date each month. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming."

f. At the time of confirmation, the Debtors are required to certify, via language in the Stipulated Order confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. Sec 1325(a)(8), (9)].

g. The Debtors are required to provide, directly to the Trustee, **within 30 days after the returns are filed,** copies of their federal and state income tax returns for each year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the plan.

h. If the Debtors received a tax refund larger than $1,000 for the tax period preceding the filing of this case, the continuation of such deduction would constitute a diversion of income that would otherwise be available to creditors. Accordingly the Trustee requires that the Debtors (i) adjust payroll tax deductions to prevent over withholding, (ii) amend Schedule I to reflect the reduced withholding; (ii) submit to the Trustee two consecutive paystubs to verify said reduction; and (iv) increase the plan payments in the Stipulated Order Confirming.

i. If the Debtors are in default (in any amount) on their first mortgage the plan must propose mortgage conduit payments. If the plan does not propose a mortgage conduit, the Trustee objects to confirmation. This may be resolved by amending the plan or seeking an order from the court excusing compliance with the conduit requirement. Standing Order: Conduit Mortgage Payments (Tucson Division).

**Specific Requirements:**

1. "General Unsecured Claims. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a)."

2. Filed Proofs of Claim. To date the Trustee has noted that the following creditors have filed proofs of claim that differ from the treatment proposed in the Chapter 13 Plan. **Trustee objects to the treatment of these proofs of claim. This objection can be resolved by amending the secured treatment to match the proofs of claim or by filing an objection followed by an order**: **NONE**.

3. Unfiled Proofs of Claim. To date the following creditors listed in the Plan have not filed proofs of claims: **NONE**.

4. Plan Payments. The Debtors have made payments in the total amount of $9,975.00. The Debtors are current on these payments through May 4, 2011. The Trustee will not stipulate to confirmation unless the plan payments are current. Plan payment information may be obtained by logging on to www.13datacenter.com or www.13network.com. In general, the information on these websites is 24-hours old.

5. Plan Duration. In the event that other property is submitted to the Trustee by the Debtors it shall be treated as advance plan payments. Any Order Confirming the Plan must include the provisions that in no event will the duration of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

6. Chapter 13 Plan. Trustee objects to confirmation as the Debtors' plan payments total $75,225.00, and the plan analysis provides for lower plan payments totaling $74,709.76. This objection may be resolved by making sure these amounts match. Trustee will not approve the plan unless the proposed plan payments and the funding in the plan and analysis match.

7. Liquidation Analysis: At this time the Trustee believes that the plan **does** satisfy the liquidation analysis requirements. The Trustee reserves the right to amend this conclusion.

8. Plan Feasibility. Pursuant to the Trustee's calculations, the Chapter 13 Plan is feasible at this time. However, the Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding if necessary, in order to address all timely filed proofs of claims once the claims bar date has passed in this case.

9. <u>Objections to Confirmation</u>. The Debtors shall resolve plan objections by submitting a proposed SOC to the Trustee or by setting a hearing on the objection <u>within 30 days of this objection/evaluation</u>. If the Debtors wish to confirm by stipulation, the stipulation of the objecting creditor must be obtained in writing prior to submitting a proposed SOC to the Trustee. If the resolution of the objection requires changes which have an adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the changes must be noticed to creditors and an opportunity for objection provided. To date the Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: **NONE**.

10. <u>Submission of Proposed SOC</u>. If the Debtors propose to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit. The Notice, SOC, and filing receipt may then be transmitted to the Trustee via electronic mail (mail@dcktrustee.com) or first class mail. The Trustee will not review a proposed SOC if it does not appear on the court's docket.[1]

RESPECTFULLY SUBMITTED this 21st day of April, 2011.

        OFFICE OF THE CHAPTER 13 TRUSTEE
        7320 N. La Cholla #154-413
        Tucson, AZ  85741

        By /s/  DCK 011557
           Dianne C. Kerns, Chapter 13 Trustee

A copy of the foregoing filed was with the
court and a copy, together with a receipt of filing,
transmitted via electronic or first class
mail this 4/21/2011 to:

---

[1] **The alternative to stipulated confirmation is setting a contested confirmation hearing before the judge**.

JOSEPH E LUPO
LA DESKA A LUPO
14189 E CAMINO GALANTE
VAIL, AZ 85641
Debtors

KATHRYN L JOHNSON
LAW OFFICE OF KATHRYN L JOHNSON PLC
4337 E FIFTH STREET
TUCSON, AZ 85711
Attorney for Debtors

By: <u>NC</u>